**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RHONDA L. COLLINS<br>1021 Hodges Drive<br>Columbus, OH 43204<br><br>    Plaintiff,<br><br>v.<br><br>CAINE & WEINER COMPANY, LLC<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, NY 10011,<br><br>    Defendant. | CASE NUMBER:  2:16-cv-457<br><br>JUDGE:<br><br><br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Rhonda L. Collins' ("Ms. Collins") personal knowledge, the investigation of counsel, and information and belief. Ms. Collins, through counsel, alleges as follows:

**I. PRELIMINARY STATEMENT**

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant, Caine & Weiner Company, LLC ("Defendant") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA") and for violations of Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.,* (hereinafter "CSPA").

2. On or about September 26, 2015, Ms. Collins executed a contract ("the Contract") with Roto-Rooter Services ("Roto-Rooter") to have work performed on her home, 1021 Hodges Drive, Columbus, Ohio ("Home").

1

3. A copy of the Contract is attached as Exhibit A.

4. On or about December 22, 2015, Roto-Rootor sent Ms. Collins a demand ("the Demand") for payment.

5. The Demand was for the work allegedly completed by Roto-Rooter on Ms. Collins' Home, in the amount of $5,309.90.

6. A copy of the Demand is attached as Exhibit B.

7. Sometime between December 22, 2015 and January 8, 2016, Defendant allegedly acquired the right to collect the debt under the Contract between Ms. Collins and Roto-Rooter.

8. On or about January 8, 2016, Defendant sent Ms. Collins a letter ("January 8, 2016 letter") attempting to collect on the Contract with Roto-Rooter asking for $6,784.31 to settle the debt, $1,474.41 more than was allegedly due around two weeks earlier.

9. A copy of the January 8, 2016 letter is attached as Exhibit C.

10. On or about February 11, 2016, Defendant sent a verification of the debt letter ("Verification Letter") where Defendant sought $6,823.88 to settle the account.

11. The Verification Letter contained a copy of the Contract with Roto-Rootor.

12. The Contract clearly states that the amount due under the Contract was $5,309.90.

13. A copy of the Verification Letter is attached as Exhibit D.

14. There are no additional provisions in the Contract allowing for extra fees or charges to be added to the amount stated of $5,309.90.

## II. JURISDICTION

15. This Court has jurisdiction for the First Count pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

16. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District, and the Contract was incurred within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

18. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendant is subject to personal jurisdiction in this District.

### III. PARTIES

19. Plaintiff, Ms. Collins, is a natural person currently residing within this Court's jurisdiction at 1021 Hodges Drive, Columbus, Franklin County, Ohio 43204.

20. At all times relevant to this transaction, the Plaintiff, Ms. Collins was and is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

21. At all times relevant to this transaction, the Plaintiff, Ms. Collins was and is a **Consumer** within the meaning of Ohio. O.R.C. § 1345.01(D).

22. Defendant is a company with its principal place of business in the State of Illinois.

23. At all times relevant to this transaction, Defendant was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6).

24. At all times relevant to this transaction, Defendant, was and is a **Supplier** within the meaning of O.R.C. § 1345.01(C).

### IV. FACTUAL ALLEGATIONS

25. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

26. On or around December 22, 2015, Roto-Rooter contacted Ms. Collins by mailing her a letter, the Demand attached as Exhibit B.

27. The amount Roto-Rooter is seeking to collect from Ms. Collins is $5,309.90.

28. On or about January 8, 2016, Defendant contacted Ms. Collins by mailing her a letter, the January 8, 2016 letter attached as Exhibit C.

29. The amount Defendant is seeking to collect from Ms. Collins in its January 8, 2016 letter is $6,784.31.

30. On or about February 5, 2016, Ms. Collins asked for a verification of alleged debt claimed in Defendant's January 8, 2016 letter.

31. A copy of the letter disputing the debt is attached as Exhibit E.

32. Ms. Collins asked for a verification of the debt due to inconsistent amounts claimed due by both Roto-Rooter and Defendant.

33. Defendant sent a letter to verify the debt on or about February 11, 2016, a copy of which is attached as Exhibit D

34.  In the February 11, 2016 Verification Letter, Defendant stated that the amount due on the debt was $6,823.88.

35. Plaintiff's underlying transaction and contract with Roto-Rooter is a **debt** within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

36. Both letters mailed to Ms. Collins by Defendant on January 8, 2016 and February 11, 2016, constituted a **communication** in an attempt to collect a debt within the meaning of the FDCPA, 15 U.S.C. § 1692a(2).

37. Ms. Collins' transaction with Defendant and Roto-Rooter is considered a **Consumer Transaction** within the meaning of O.R.C. § 1345.01(A).

4

38. The January 8, 2016, letter stated:

    a. That the letter was "RE: ROTO ROOTER COLUMBUS/032032-18709465"

    b. "Your account has been listed with our company for collection";

    c. "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose";

    d. "make checks payable to Caine & Weiner"; and

    e. The amount the Defendant is seeking to collect on the Roto-Rooter account is "$6,784.31."

39. The February 11, 2016, Verification Letter stated:

    a. "Amount Due: $6,823.88; and

    b. "Enclosed please find verification of the debt."

40. The Verification Letter also contained an attached copy of Ms. Collins contract with Roto-Rooter regarding "grey water restoration" dated "September 29, 2015."

41. The amount allegedly owed under the contract attached to Defendant's February 11, 2016 verification letter was stated as "$5,309.90."

**V. FIRST COUNT - FDCPA**

42. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

43. Ms. Collins is a natural person.

44. At all times relevant to this transaction, the Contract that is at issue in this case was a purported obligation of a consumer to pay money arising out of a transaction in which the money which is the subject of the transaction is and was primarily for personal, family, or household purposes.

45. The underlying transaction with Roto-Rooter as evidenced by the Contract is a **Debt** within the meaning of the FDCPA, 15 U.S.C. 1692a(5).

46. At all times relevant to this transaction, Ms. Collins was allegedly obligated to pay the Contract.

47. At all times relevant to this transaction, Ms. Collins was and is a **Consumer** within the meaning of the FDCPA, 15 U.S.C. 1692a(3).

48. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

49. Defendant acquired the Contract when the Contract was allegedly in default.

50. At the time Defendant acquired its interest in the Contract, Defendant treated the Contract as though the Contract was in default.

51. At all times relevant to this transaction, Defendant was and is a Debt Collector within the meaning of the FDCPA, 15 U.S.C. 1692a(6).

52. Defendant Charged Ms. Collins fees and expenses not authorized in the Contract.

53. Defendant's attempts to collect fees and expenses not authorized in the Contract violate the FDCPA, 15 U.S.C. 1692f(1).

54. Defendant falsely represented the legal status, character, or amount of the debt in violation of the FDCPA, 15 U.S.C. 1692e(2)(A).

55. Defendant's actions stated in this complaint violate FDCPA, 15 U.S.C. 1692, et al.

56. As a result of Defendant's actions, Ms. Collins suffers emotional distress, sleepless nights, headaches, and anxiety.

57. Defendant is liable to Plaintiff under this Count for damages of at least her actual damages including under 15 U.S.C. § 1692k(a)(1); statutory damages in the amount

of at least $1,000, including pursuant to 15 U.S.C. § 1692k(a)(2)(A); and at least the costs of this action and attorney's fees, including pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND COUNT – CSPA FOR FDCPA VIOLATIONS

58. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

59. At all times relevant to this incident, Defendant was and is subject to Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.*

60. Violating the FDCPA has been determined by a court of this state to violate the CSPA, and that decision was made available for public inspection under O.R.C. § 1345.05(A)(3) prior to this consumer transaction. *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

61. Defendant's actions described in Count One and the Factual Allegations of this Complaint are in violation of Ohio's CSPA, O.R.C. § 1345.01, *et seq.*

62. Defendant's actions described in Count One and the Factual Allegations of this Complaint are each unfair or deceptive acts or practices in violation of Ohio's CSPA, O.R.C. § 1345.02.

63. Defendant's actions described in Count One and the Factual Allegations of this Complaint are each unconscionable consumer sales acts or practices in violation of Ohio's CSPA, O.R.C. § 1345.03.

64. Defendant's actions described in Count One and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of O.R.C. § 1345.01(E).

65. Defendant's actual damages under the CSPA is equal the total value of damages under the FDCPA.

66. Defendant is liable to Plaintiff in an amount equal to three times of her actual damages under FDCPA, pursuant to O.R.C. § 1345.09(B), up to $5,000 non-economic damages, pursuant to O.R.C. § 1345.09(B), and attorney's fees and costs, including pursuant to O.R.C. § 1345.09(F) for each violation of the CSPA.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Award Plaintiff actual damages including pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(B);

C. Award Plaintiff statutory damages in the amount of $1,000 including pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Award Plaintiff statutory damages in an amount not exceeding $5,000 including pursuant to O.R.C. § 1345.09(B);

E. Award Plaintiff attorney's fees and costs of the action including pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F);

F. Award such other relief as the court deems appropriate.

Dated this 23rd day of May, 2016

        Respectfully Submitted,
        DOUCET & ASSOCIATES, CO., LPA


        */s/ Andrew J. Gerling*
        Andrew J. Gerling (0087605)
        *Trial Attorney for Plaintiff Rhonda Collins*
        700 Stonehenge Parkway, Suite 2B
        Dublin, OH  43017
        (614) 944-5219 PH
        (818) 638-5548 FAX
        Andrew@TroyDoucet.com


## JURY TRIAL DEMANDED

The plaintiffs respectfully request a jury trial on all triable issues.


        */s/ Andrew J. Gerling*
        Andrew J. Gerling (0087605)